**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT COURT**
**NORTHERN DIVISION**

HANNAH COLE and MOLLY MCRAE,          Case No. 2:23-cv-115

Plaintiffs,          HON. PAUL L. MALONEY

v.

JEFFREY ROGG, Menominee County
Prosecutor, in his individual and personal
capacities,   JASON   CARVIOU,
Menominee Administrator, in his individual
and   personal   capacities,   and
MENOMINEE COUNTY,

Defendants.

| | |
|---|---|
| Sarah R. Howard (P58531) | Allan C. Vander Laan (P33893) |
| Pinsky Smith, PC | Kristen L. Rewa (P73043) |
| Attorney for Plaintiffs | Cummings, McClorey, Davis & Acho |
| 146 Monroe Center St., NW - Suite 418 | Attorneys for Defendants |
| Grand Rapids, MI 49503 | 2851 Charlevoix Dr., S.E. - Suite 203 |
| (616) 451-8496 | Grand Rapids MI  49546 |
| showard@pinskysmith.com | (616) 975-7470 |
| | avanderlaan@cmda-law.com |
| | krewa@cmda-law.com |

_____

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND RELIANCE UPON JURY DEMAND

**NOW COME** Defendants, Menominee County, Jeffery Rogg, and Jason Carviou,

by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., and in

Answer to Plaintiffs' First Amended Complaint state:

### JURISDICATION, VENUE AND PARTIES

1.      This is an action seeking to remedy violations of the Whistleblowers'

Protection Act, MCL 15.361 et seq. ("WPA"); the Persons with Disabilities Civil Rights Act,

MCL 37.1101 et seq. ("PWDCRA"); the Elliott-Larsen Civil Rights Act, MCL 37.2101 et

seq. ("ELCRA"); and the Family and Medical Leave Act, 29 USCA 2601 et seq. ("FMLA").

**ANSWER:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Defendants deny any violation of the Whistleblowers' Protection Act, MCL 15.361 et seq.  ("WPA"); the Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq. ("PWDCRA"); the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq. ("ELCRA"); and the Family and Medical Leave Act, 29 USCA 2601 et seq. ("FMLA"). As to the remaining allegations neither admitted or denied as these Defendants have insufficient information and/or belief upon which to form an answer and , therefore, leave Plaintiffs to their proofs.**

2.      Plaintiff Hannah Cole is an individual who resides in Menominee County, Michigan.

**ANSWER:**

**Neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

3.      Plaintiff Molly McRae is an individual who resides in Menominee County, Michigan.

**ANSWER:**

**Neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

4.     Defendant Jeffrey Rogg is the Prosecutor of Menominee County. He works and lives within Menominee County, Michigan.

**ANSWER:**

     **Admitted.**

5.     Defendant Jason Carviou is the County Administrator of Menominee County. He works within Menominee County, Michigan.

**ANSWER:**

     **Admitted.**

6.     Defendant Menominee County is a county organized under Michigan law.

**ANSWER:**

     **Admitted.**

7.     The acts that are the subject of this action occurred in Menominee County, Michigan.

**ANSWER:**

     **Defendants deny that any acts of alleged wrongdoing described in Plaintiffs' Complaint occurred at all. By way of further answer, these Defendants do not contest venue.**

8.     The amount in controversy exceeds $25,000, exclusive of costs and attorney fees, and the matter is otherwise within the jurisdiction of this Court.

**ANSWER:**

     **Neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

## FACTUAL ALLEGATIONS

9.      Plaintiff Cole worked as administrative support staff in the Menominee County Prosecutor's Office ("the Prosecutor's Office"). Plaintiff Cole is 22 years old and graduated with a bachelor's degree in May 2022. She started working in the Prosecutor's Office in January 2022 while she was still in college, and her position was funded by a grant through September 2022, when Defendants hired Plaintiff Cole as a regular County employee. Defendants fired Plaintiff Cole on February 15, 2023.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Admitted that Plaintiff Cole worked as an administrative support staff with the Menominee County Prosecutor's Office; that she began working in the Prosecutor's Office in January 2022 and her position was funded by a grant through September 2022. Further admitted, that after the grant ended Plaintiff Cole was hired as a county employee. Further admitted that Plaintiff Cole was terminated from her employment on February 15, 2023. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

10.     Plaintiff McRae was also employed as administrative support staff in the Prosecutor's Office, where she worked for almost eight years. She started as a temporary employee in May 2015 under a prior Prosecutor, now-Probate Judge Dan Hass, and was first hired as a full-time regular employee in January 2016. Defendants constructively terminated Plaintiff McRae's employment on February 15, 2023 because the conditions

in the workplace are so unsafe under Defendant Rogg, the current Prosecutor, that Plaintiff McRae could not continue working there.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Admitted that Plaintiff McRae was employed as administrative support staff with the Menominee County Prosecutor's Office. Denied as untrue that Defendants constructively terminated Plaintiff's McRae's employment on February 15, 2023. By way of further answer, Plaintiff McRae left her employment without permission and never returned, in effect quitting and/or resigning her employment. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

11. Plaintiff McRae is pregnant and due to give birth in September 2023. Plaintiff McRae's obstetrician advised her on or about February 17, 2023, that it was not safe for Plaintiff McRae to continue working for Defendant Rogg during her pregnancy, even though she is not restricted from employment during her pregnancy generally.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

12. As staff in the Prosecutor's Office, Plaintiffs were employees of Defendant Menominee County ("the County"), but Defendant Rogg as the Prosecutor supervised

them and generally had the power to hire and fire. However, Plaintiff McRae's position was part of a bargaining unit represented by a Union, Teamsters Local No. 406 ("the Union"), and a Collective Bargaining Agreement ("CBA") is in place providing that Plaintiff McRae could only be fired for just cause. Plaintiff Cole was not eligible to become part of the bargaining unit and covered by the CBA until September 2023.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Admitted Plaintiffs were employees of Menominee County; that Defendant Rogg supervised the Plaintiffs and had the power to hire and fire; that Plaintiff McRae's position was represented by Union Teamsters Local 406 and subject to its collective bargaining agreement. Further admitted that Plaintiff Cole was not eligible to become part of the union. As to the remaining allegations neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

13.     Defendant Rogg has been acting erratically and with severe mood swings. He frequently shouts or screams at the staff. When Plaintiff McRae reported this behavior to County Administrator Jason Carviou in the past, Mr. Carviou's response was that as the elected Prosecutor, Defendant Rogg had discretion over how to run the Prosecutor's Office and there was not much that Defendant County or Mr. Carviou could do to protect the employees from Defendant Rogg's behavior. Mr. Carviou implicitly acknowledged that Defendant Rogg's behavior would violate County policies if Defendant Rogg were not the County Prosecutor.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Denied as same is untrue.**

14.     On January 17, 2023, Dana Cole, an administrative support staff co-worker of Plaintiff Cole and Plaintiff McRae, who is no relation to Plaintiff Hannah Cole, explained to Defendant Rogg that the Clerk's Office was requiring that a certain type of order be processed in a way different from how the Prosecutor's Office had been handling it. During this conversation, Plaintiff Cole and Plaintiff McRae were also present. The fourth administrative support employee, Sarah Maus, was out of the office on her lunch break. Assistant Prosecuting Attorney Gerald Karafa, who is the only assistant prosecutor in the Prosecutor's Office, was within earshot of the conversation. Defendant Rogg grew highly agitated and irrationally livid with Dana Cole about this subject and began screaming at her. When Plaintiffs tried to intervene and smooth things over, Defendant Rogg began to scream in anger at all three of the administrative staff present and gesticulate wildly, to the point that both Plaintiffs feared that Defendant Rogg was about to become physically violent. Mr. Karafa, hearing the commotion, exited his office and entered the area where Defendant Rogg was screaming to see what was happening, and urged Defendant Rogg to calm down.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). The allegations in this paragraph against Defendant Rogg are denied as untrue. As to the remaining allegations neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

15.     Defendant Rogg did not calm down and continued his tirade. His behavior on January 17, 2023, constituted an assault against Plaintiffs Cole and McRae, and Dana Cole ("the Assault").

**Answer:**

   **Denied as same is untrue.**

16.     Plaintiffs became so fearful that they both eventually exited the Prosecutor's Office. First, Plaintiff McRae went to Mr. Carviou's office to seek help and protection from the Assault. When she did not find anyone there, she went for help to Deputy Michael Kass, who was the County Sheriff's Deputy on duty for security in the building, and she reported the Assault to Deputy Kass. Then Plaintiff McRae went back to the County Administrator's Office and ran into Plaintiff Cole on the way there, who by this time had also left the Prosecutor's Office to seek assistance. Sherry DuPont, Mr. Carviou's deputy administrator, was then in the County Administrator's Office, and told Plaintiffs that Mr. Carviou was absent from the building. Ms. DuPont told Plaintiffs that she had heard Defendant Rogg's slamming of the door, even though her office is located on a different floor of the building, and asked what was happening. Plaintiffs told Ms. DuPont that Defendant Rogg was acting so out of control that they were afraid for their safety as a result of the Assault. Plaintiffs asked Ms. DuPont to advise Mr. Carviou of what was happening.

**Answer:**

   **Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). The allegations against Defendant Rogg are denied as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have**

insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.

17.     Eventually, Ms. DuPont instructed the administrative support employees of the Prosecutor's Office to go home with pay for the remainder of the day and the following day.

**Answer:**

**Neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

18.     Plaintiff McRae's ears were in so much pain from the volume of Defendant Rogg's slamming the office door that she sought medical attention the next day, and eventually followed up with her obstetrician to be examined for any impact that the episode had on her unborn baby.

**Answer:**

**The allegations against Defendant Rogg are denied as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

19.     On January 18, 2023, Defendant Rogg emailed the administrative employees, including Plaintiffs Cole and McRae, acknowledging that he had behaved "inappropriately," but yet still essentially blaming the employees for his Assault of them. His email complained that Ms. DuPont had excused the employees from reporting to work the afternoon of the Assault and the following day, but stated that Mr. Carviou would need

to "take this up" with Ms. DuPont. Defendant Rogg said that employees could meet with Mr. Carviou if they wanted but "I believe [Mr. Carviou] will tell you that ultimately the management of the office, including this issue, is mine to address and not his." Defendant Rogg also stated that he had let things get "lax" in the office and that he was going to return to strict management of the office, and follow leave and other employment policies without the alleged flexibility that he said he had been providing the employees. The email reads as a thinly-veiled threat not to complain about the Prosecutor's Office to anyone outside the Office.

**Answer:**

      **Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Denied as untrue that the email referred to in this allegation "…reads as a thinly-veiled threat…" As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

      20.    Plaintiff McRae continued to feel fearful for her physical safety about working in the Prosecutor's Office. Defendant Rogg's email on January 18, 2023, made her more fearful, not less, that Defendant Rogg's behavior would continue and probably escalate. Plaintiffs filed a criminal report about Defendant Rogg's Assault with Michigan State Police ("MSP"), and submitted to interviews by the MSP detective regarding Defendant Rogg's behavior.

**Answer:**

      **Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Neither admitted nor denied as these Defendants have insufficient**

**information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

21.     Once MSP began investigating, Defendant Rogg was upset and began retaliating against Plaintiffs. Defendant Rogg announced on January 25, 2023, that he was declaring that Dana Cole would be the office manager and able to discipline Plaintiffs, even though the creation of such a position and unilateral hiring for it is contrary to County policy and the CBA. In the past, Defendant Rogg had joked that if he ever really wanted to upset Plaintiff McRae, he would make Dana Cole her boss and give Dana Cole the power to tell Plaintiff McRae what to do.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). The allegations against Defendant Rogg are denied as untrue.**

22.     Defendant Rogg and Dana Cole began to target both Plaintiffs for retaliation. At this point, Plaintiff Hannah Cole was still in her first year of employment and on "probation." This meant she was not part of the Union bargaining unit or covered by the CBA, and she was still an at-will employee who could be fired for any lawful reason until September 2023.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Denied as untrue that Defendant Rogg and Dana Cole targeted both Plaintiffs for retaliation. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

23.     It was well-known in the Prosecutor's Office that Plaintiff Cole has the serious medical condition of Type 1 diabetes. As a result, Plaintiff Cole must test her blood sugar level during the day, and give herself insulin shots. Plaintiff Cole had also been granted a slightly longer lunch break because she needed to go the short distance to her home for a diabetic diet-compliant meal and to test her blood sugar. Defendants had granted Plaintiff Cole these minor accommodations for months. Defendants had also permitted other employees to have a slightly longer lunch break for various reasons.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

24.     Once Defendant Rogg appointed Dana Cole the office supervisor, they required that Plaintiff Hannah Cole obtain proof of her medical diagnosis and hassled her about the necessity of her blood sugar testing. They also told her she could no longer have the short additional break which she required midday for her to have her diabetic lunch meal.

**Answer:**

**The allegations against Defendant Rogg are denied as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

25.     Dana Cole made complaints about Plaintiff McRae's first pregnancy and birth of her first child in September 2020, and about how inconvenient her maternity leave was. Defendant Rogg also expressed disgust that Plaintiff McRae needed breaks to pump breastmilk for her infant child upon her return to work after her first pregnancy.  He made rude and disrespectful comments about Plaintiff McRae's need to pump breastmilk. When Plaintiff McRae tried to discreetly take brief breaks to privately pump breastmilk, Defendant Rogg would make crude sucking noises or act like he was drinking from a baby bottle. He also used his hands to crudely make pumping motions on his own breast. Plaintiff McRae felt it necessary to purchase her own mini fridge in which to store her breastmilk instead of the office refrigerator to avoid further rude comments by Defendant Rogg.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). The allegations against Defendant Rogg are denied as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

26.     Defendants were aware of Plaintiff McRae's second pregnancy and due date in or about September 2023.

**Answer:**

**Neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

27.     Shortly after the Assault, Assistant Prosecutor Karafa enlisted the help of Plaintiffs to provide the necessary administrative support for a criminal trial he was conducting, which started on Monday, February 13, 2023. For multiple days, Plaintiffs provided trial support to Mr. Karafa, working long past the usual end of the workday to complete the tasks necessary for the next day of trial.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Denied as untrue that there was any assault. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

28.     At one point, Plaintiffs accompanied the victim/complaining witness in Mr. Karafa's prosecution case during the trial. In a hallway, Defendant Rogg came past Plaintiffs and the victim, acting angrily and erratically, to the point that the victim noticed the behavior and asked Plaintiffs "what was wrong" with Defendant Rogg.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). The allegations as to Defendant Rogg are denied as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

29.     Once the trial concluded on the morning of February 15, 2023, despite praise of Plaintiffs' work by both Mr. Karafa and Defendant Rogg, Defendants fired

Plaintiff Cole at around noon, once the jury had rendered a verdict of guilty in Mr. Karafa's trial. Plaintiff Cole was still an at-will employee until September 2023, and could be fired for any lawful reason. Defendants told her only that she was allegedly being fired so the Prosecutor's Office could use her salary to pay for another assistant prosecuting attorney.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Admitted that Plaintiff Cole was terminated from her position on February 15, 2023. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

30.     Upon information and belief, this was a pretextual reason for Plaintiff Cole's termination, and the real reasons were that Defendants were retaliating against Plaintiff Cole for reporting the Assault and that Defendants were taking advantage of the fact that Plaintiff Cole did not yet fall within the bargaining unit and did not yet enjoy coverage by a Union CBA with just-cause employment protection.

**Answer:**

**Denied as the same untrue.**

31.     County Administrator Carviou told Plaintiff Cole that the County was terminating her employment, but that Plaintiff Cole could sign a letter of resignation right then during the termination meeting if she wanted to avoid telling people she had been fired. Defendants did not give Plaintiff Cole time to consider this option, or time to consult with an attorney first. So Plaintiff Cole signed a letter of resignation because she was afraid she would not be able to obtain other work otherwise. However, Defendants

affirmatively terminated Plaintiff Cole's employment during the termination meeting on February 15, 2023, and made clear that her employment was ending effective immediately whether she signed the letter of resignation or not.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Admitted that Plaintiff Cole signed a letter of resignation. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

32.     After Plaintiff Cole's termination, Plaintiff McRae felt extreme distress and anxiety. Plaintiff McRae had planned to take part of the end of the day off using the flex time she had accrued from working long hours during the trial. Plaintiff McRae had also made note of her intent to use flex time in the office calendar, which was how the practice had always worked in the office. In the past there was no formal Prosecutor's Office policy for requesting use of flex time, and a request on even relatively short notice would typically be granted to any employee without issue. There was no note in the calendar that either Defendant Rogg or Dana Cole intended to use flex time when Plaintiff McRae planned to do so. But Defendant Rogg and Dana Cole said that Plaintiff McRae's request to use flex time violated a new policy requiring advance notice for a request to take time off, even though they had never provided the contents of any alleged new policy to Plaintiff McRae before. Defendant Rogg and Dana Cole said that Dana Cole intended to take the rest of the day off and that Plaintiff McRae was required to stay and cover the office, even though there was no indication prior to that that Dana Cole intended to take time off. Dana Cole

also became upset when Plaintiff McRae tried to assist Plaintiff Cole in removing her personal items from the office after being abruptly fired by Defendants. The stress of this treatment caused Plaintiff McRae to feel ill, and Plaintiff McRae told Dana Cole that she was not feeling well and needed to leave. Dana Cole then told Plaintiff McRae that she could not use her pregnancy as an excuse and that Plaintiff McRae needed to cover the office and forgo using her flex time that afternoon.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

33.     Plaintiff McRae consulted with her obstetrician after these events, and her obstetrician advised Plaintiff McRae that it was not safe for Plaintiff McRae and her unborn baby for Plaintiff to return to work in the Prosecutor's Office under these conditions. Plaintiff McRae hired an attorney and requested, through her lawyer, that Defendants permit Plaintiff McRae to work somewhere else in the County until the Prosecutor's Office could be made safe as a working environment.

**Answer:**

**Neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

34.     Defendants unlawfully treated Plaintiff McRae's medical inability to work in the unstable and unsafe conditions of the Prosecutor's Office as Plaintiff McRae's de facto

request for FMLA time off. By doing so, Defendants interfered with Plaintiff McRae's ability to take future FMLA leave so she could have a maternity leave after the birth of her baby. Defendants required Plaintiff McRae to burn through all of her accrued paid leave time, and begin FMLA unpaid time off eligibility, in order to keep her job position while she was unable to report to the Prosecutor's Office because of the danger to her pregnancy from Defendant Rogg's unstable mood swings and retaliation. Plaintiff McRae ran out of paid leave on or about March 27, 2023, and would have had no leave time left to take any maternity leave – paid or unpaid – once her baby is born in or about September 2023.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Defendants deny the allegations in this paragraph against them as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

35.     Plaintiff McRae is not medically unable to work. Instead, Plaintiff McRae is presently unable to work – while pregnant – and do so safely while the County permits the unlawful working conditions of the Prosecutor's Office to persist with impunity and without consequence to the allocation of County staff to Defendant Rogg. Defendants' treatment of Plaintiff McRae's request to be placed in a safe working environment as a request that she needs FMLA leave was unlawful, and it interfered with Plaintiff McRae's future known need to take FMLA leave when she would be recuperating from the anticipated birth of her baby in September 2023.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). The allegations against these Defendants in this paragraph are denied as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

36.     Plaintiff McRae and her family could not afford to go without income any longer, and Defendants refused to provide a safe working environment or consider any solution other than requiring her to use unpaid FMLA leave. This situation meant that Plaintiff McRae would continue to go unpaid until she ran out of FMLA eligibility, at which time Defendants could fire her since she would not be able to return to work at that point while recuperating from childbirth. Accordingly, Plaintiff McRae had to accept another job offer, and on April 7, 2023, she provided the County the two weeks of notice that it requires before officially leaving her County job position so that she could take employment elsewhere.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). The allegations against these Defendants in this paragraph are denied as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

## COUNT I – WHISTLEBLOWERS' PROTECTION ACT CLAIM AGAINST ALL DEFENDANTS

37.     Plaintiffs rely on the allegations of all prior paragraphs, as if they were restated herein.

**Answer:**

**Defendants hereby incorporate by reference all preceding paragraphs as though fully set forth herein.**

38.     Plaintiffs are "employees" as defined by WPA.

**Answer:**

**Plaintiffs' allegation states a legal conclusion to which no answer is required from these Defendants. To the extent an answer is required from these Defendants, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

39.     Defendants are an "employer" and "public bodies" as defined by WPA.

**Answer:**

**Plaintiffs' allegation states a legal conclusion to which no answer is required from these Defendants. To the extent an answer is required from these Defendants, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

40.     Plaintiffs reported violations of law, and/or what they suspected in good faith were violations of the law, when they reported to the Deputy County Administrator and to the uniformed deputy sheriff in the County offices that the Assault had occurred, i.e., that

Defendant Rogg was assaultive and out of control in their workplace within the County's office and that they were concerned for their personal safety.

**Answer:**

**The allegations against Defendant Rogg are denied as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

41.     Plaintiffs reported violations of the law, and/or what they suspected in good faith to be violations of the law, to MSP when they reported the Assault, i.e., Defendant Rogg's assaultive behavior. Ultimately, law enforcement officials opened an investigation into the Assault.

**Answer:**

**The allegations against Defendant Rogg are denied as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

42.     Defendants engaged in acts of retaliation toward Plaintiffs because of their reports.

**Answer:**

**Denied as same is untrue.**

43.     Defendants terminated Plaintiff Cole's employment because of Plaintiffs' reports.

**Answer:**

**Denied as same is untrue.**

44. Defendants constructively terminated Plaintiff McRae's employment because of Plaintiffs' reports.

**Answer:**

**Denied as same is untrue.**

45. Defendants' termination of Plaintiff Cole and constructive termination of Plaintiff McRae are violations of WPA, for which Defendants are liable to Plaintiffs for damages under WPA.

**Answer:**

**Denied as same is untrue.**

**WHEREFORE**, Defendants respectfully request this Honorable Court dismiss the Plaintiffs' Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

## COUNT II – VIOLATION OF PWDCRA AS TO PLAINTIFF COLE – AGAINST ALL DEFENDANTS

46. Plaintiffs rely on the allegations of all prior paragraphs, as if they were restated herein.

**Answer:**

**Defendants hereby incorporate by reference all preceding paragraphs as though fully set forth herein.**

47. As defined in MCL 37.1103(d)(1)(A) of PWDCRA, Plaintiff Cole's diabetes condition is a "disability."

**Answer:**

**Plaintiffs' allegation states a legal conclusion to which no answer is required from these Defendants. To the extent an answer is required from these Defendants, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

48.     As defined in MCL 37.1201(b) of PWDCRA, Defendants were Plaintiff Cole's "employers."

**Answer:**

**Plaintiffs' allegation states a legal conclusion to which no answer is required from these Defendants. The allegations against these Defendants are denied as untrue. To the extent an answer is required from these Defendants, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

49.     Defendants discriminated against and harassed Plaintiff Cole on the basis of her disability by requiring her to provide additional proof of her diabetes, the need for her slightly longer meal break, and the requirement that she be permitted the minimal time necessary to test her blood sugar level and inject herself with insulin during the workday. Defendants required additional proofs and explanation despite never previously requiring additional medical certification and having observed ample evidence for more than a year that Plaintiff tested her blood sugar level and injected herself with insulin from time to time, as it is common knowledge that a diabetic must do.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). The allegations against these Defendants are denied as untrue. As to the remaining allegations, neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

50.     Defendants discriminated against and harassed Plaintiff Cole on the basis of her disability by taking away necessary lunch break time that they had previously granted to Plaintiff Cole and which is medically necessary for her and has no impact on her ability to perform the work of her prior job position.

**Answer:**

> **Denied as same is untrue.**

51.     Defendants discriminated against and harassed Plaintiff Cole on the basis of her disability by terminating her employment.

**Answer:**

> **Denied as same is untrue.**

52.     Defendants' actions as described in the preceding paragraphs violated PWDCRA and caused Plaintiff Cole damages for which Defendants are liable.

**Answer:**

> **Denied as same is untrue.**

53.     As a result of the foregoing, Plaintiff Cole lost earnings and benefits and incurred mental anguish, emotional distress, unfair reputational damage, and legal costs for which Defendants are liable.

**Answer:**

**Denied as same is untrue.**

**WHEREFORE**, Defendants respectfully request this Honorable Court dismiss the Plaintiffs' Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

## COUNT III – VIOLATION OF ELCRA AS TO PLAINTIFF McRAE – AGAINST ALL DEFENDANTS

54.     Plaintiffs rely on the allegations of all prior paragraphs, as if they were restated herein.

**Answer:**

**Defendants hereby incorporate by reference all preceding paragraphs as though fully set forth herein.**

55.     Defendant Rogg's jokes and complaints about Plaintiff McRae when she previously pumped breastmilk for an infant child constituted discrimination on the basis of sex and pregnancy in violation of ELCRA.

**Answer:**

**Denied as same is untrue.**

56.     Defendants' constructive termination of Plaintiff McRae's employment constitutes discrimination on the basis of sex and pregnancy in violation of ELCRA.

**Answer:**.

**Denied as same is untrue.**

57.     Defendants' actions as described in the preceding paragraphs caused Plaintiff McRae damages in violation of ELCRA for which Defendants are liable.

**Answer:**

**Denied as same is untrue.**

58.     As a result of the foregoing, Plaintiff McRae lost earnings and benefits and incurred mental anguish, emotional distress, unfair reputational damage, and legal costs for which Defendants are liable.

**Answer:**

**Denied as same is untrue.**

59.     As a result of the foregoing, Plaintiff McRae lost the ability to take maternity leave when her baby is born in or around September 2023. This is because Defendants have required that she use all of her eligible paid leave and unpaid time off under Family and Medical Leave Act now while she is unable to return to her position in the Prosecutor's Office, since Defendants refuse to make that working environment safe for Plaintiff McRae and her unborn baby.

**Answer:**

**Denied as same is untrue.**

**WHEREFORE**, Defendants respectfully request this Honorable Court dismiss the Plaintiffs' Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

## COUNT IV – VIOLATION OF FMLA AS TO PLAINTIFF McRAE – AGAINST ALL DEFENDANTS – FMLA INTERFERENCE MADE UNLAWFUL BY 29 USCA 2615(a)

60.     Plaintiffs rely on the allegations of all prior paragraphs, as if they were restated herein.

**Answer:**

**Defendants hereby incorporate by reference all preceding paragraphs as though fully set forth herein.**

61.     Plaintiff McRae was entitled to take FMLA leave once she gave birth, anticipated to be in or about September 2023. Defendants were all aware that Plaintiff McRae was pregnant, that she was due to give birth in or about September 2023, and that she was eligible for and intended to use her FMLA leave for maternity leave to recuperate from the birth once her baby was born.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Neither admitted nor denied as these Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiffs to their proofs.**

62.     Defendants took a variety of adverse actions against Plaintiff McRae which interfered with her ability to take FMLA leave when she sought to do so in September 2023, i.e., Defendants County and Carviou permitted Defendant Rogg to act with impunity, violate the law, violate the CBA, and provide an unsafe working environment to Plaintiffs because he is an elected official. However, Defendants County and Carviou could have, and should have, required that Defendant Rogg follow County policies like everyone else, and removed and reallocated Defendant Rogg's County office resources – including but not limited to support employees – when Defendant Rogg refused to comply.

**Answer:**

**Defendants object to Plaintiffs' allegations as it violates Fed. R. Civ. P. (8)(d)(1). Denied as same is untrue.**

63.    Defendants' various adverse actions unlawfully interfered with Plaintiff McRae's ability to take FMLA leave to recuperate from the birth of her baby and have a maternity leave to which she was entitled.

**Answer:**

**Denied as same is untrue.**

64.    Defendants' various adverse actions were related to Plaintiff McRae's attempt to take FMLA leave in or about September after she gave birth, and her known desire to preserve as much leave time as possible for that purpose.

**Answer:**

**Denied as same is untrue.**

65.    Defendants' various adverse actions were intended to force Plaintiff McRae to leave County employment to seek other work and to do so without the necessity of having just cause to terminate her, as would be required under the CBA.

**Answer:**

**Denied as same is untrue.**

**WHEREFORE**, Defendants respectfully request this Honorable Court dismiss the Plaintiffs' Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

# AFFIRMATIVE DEFENSES

**NOW COME** Defendants and gives notice that they may establish by way of motion, at trial or otherwise, the following Affirmative Defenses:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Defendant Jeffrey Rogg as the elected Prosecutor for Menominee County and as such is entitled to good faith, absolute immunity, qualified immunity, and governmental immunity.

3. Defendant Jason Carviou is entitled to good faith, qualified immunity, and governmental immunity.

4. Plaintiffs' claims may be barred in whole or part by the applicable statute of limitations.

5. Plaintiffs' claims may be barred in whole or part by their failure to mitigate damages.

6. Plaintiff McRae was not constructively discharged.

7. Plaintiffs have failed to set forth a causal connection between any protected conduct and an adverse action.

8. Plaintiffs' complaint is barred to the extent they have failed to exhaust administrative remedies.

9. Plaintiffs alleged activities were not protected by the Whistleblowers Protection Act.

10. Plaintiffs have failed to plead a prima facia Whistleblowers Protection Act claim.

11. Plaintiffs have waived their rights under the Whistleblowers Protection Act.

12. Because of the conduct of Plaintiffs they are estopped from asserting a claim under

Michigan Whistleblowers Protection Act.

13. None of the acts of the named Defendants or alleged failure to act about which the Plaintiffs complain were for malicious, willful, wanton, or in any reckless disregard of Plaintiffs' rights.

14. Plaintiffs have failed to plead a causal connection between the Plaintiffs' willful activity in any discharge from employment.

15. Plaintiff Cole was on probation and she was an at will employee. Therefore, there's no reason was needed for termination.

16. Plaintiffs are barred from maintaining this action by the doctrine of laches, waiver, release, estoppel, res judicata and/or unclean hands, reservation of right.  Plaintiff's are barred by governmental immunity.

17. Plaintiff McRae quit and/or resigned from her employment.

18. Defendants are entitled to a setoff from any collateral sources from which Plaintiff receives recovery.

19. Any damages suffered by Plaintiffs are a direct result of their own actions and not caused by these Defendants.

20. Any acts or omissions of Defendants were not the proximate cause of Plaintiffs' damages.

21. All actions taken by the Defendants were legitimate, non-discriminatory, and non-retaliatory business reasons.

22. Defendants object to Plaintiffs' failure to join any and all claims and any and all parties.

23. Plaintiff McRae's FMLA interference claim premised on "involuntary leave" is not

ripe because she did not have a subsequent request for FMLA which was denied by the employer. See e.g., **Wysong v. Dow Chemical**, 503 F.3d 441, 449 (6th Cir. 2007).

24. The Defendants expressly reserve the right to add additional affirmative defenses as they become known through further investigation in the discovery process.

## RELIANCE UPON JURY DEMAND

Defendants hereby rely upon the Demand for Trial by Jury filed by Plaintiffs in the above-entitled cause of action.

Respectfully Submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Date: July 5, 2023

_/s/ Allan C. Vander Laan_
Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Attorneys for Defendants